UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VRP LEASING, INC.,

       Plaintiff,

v.                                                              Case No.

LION TRANSPORTATION, INC., AND
LORANCE ELIAS BATTO,

       Defendants.

_____

# COMPLAINT

Plaintiff VRP Leasing, Inc. ("Plaintiff" or "VRP"), by and through its undersigned counsel and for its Complaint against Defendants, Lion Transportation, Inc. and Lorance Elias Batto, alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. The Plaintiff, VRP Leasing, Inc., is a Canadian corporation with its principal office located at 3660 Midland Avenue, Suite 300, Toronto, Ontario, Canada.

2. Defendant Lion Transportation, Inc. ("Lion Transportation") is a Michigan company located at 51103 Shadywood Drive, Macomb, MI, 48042.

3. Defendant Lorance Elias Batto ("Batto") is an individual who, upon information and belief, resides at 36144 Carriage Drive, Sterling Heights, MI, 48310.

4. This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, because of the diversity of citizenship between parties and because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants reside, have a place of business, and/or conduct business in Macomb County within the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. VRP is the lease holder from Mercedes-Benz Financial Services Canada Corp. of a 2018 commercial truck whose VIN ends with 9826 (the "Truck"). In association with BNK Transport, Inc., VRP permitted BNK Transport, Inc. to give possession of the Truck to the Defendants based on the Defendants' promises they would pay for use of the Truck and care for the Truck.

7. The Truck was involved in an accident and became damaged while in Defendants' possession and care.

8. Defendants received approximately $26,000 from an insurance company for the sole purpose of repairing the Truck.

9. Defendants have refused to use those funds to repair for the Truck and have wrongfully retained those funds.

10. Defendants have also refused to repair the Truck at all or to return it despite demands they do so.

11. Defendants' actions have been willful and malicious.

12. VRP has been damaged by Defendants' actions in damaging the Truck, absconding with the insurance funds, refusing to repair the Truck, and refusing to return the Truck. VRP has also suffered the loss of use of the Truck, and its value exceeds $75,000.

13. Plaintiff brings this action to recover possession of the Truck, the insurance proceeds, and all available damages from Defendants.

14. To the extent required, Plaintiff pleads its claims in the alternative to each other.

## COUNT ONE – CLAIM AND DELIVERY

15. Plaintiff re-alleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

16. Plaintiff entrusted the Truck to Defendants for use as part of a commercial transaction.

17. Defendants have violated the terms of the entrustment by, but not limited to, damaging the Truck and refusing to pay for its repairs despite receiving insurance proceeds.

18. Plaintiff has demanded the return of the Truck but Defendants have failed to return it.

19. Defendants' continued possession of the Truck is wrongful, unlawful, and without authority.

20. Plaintiff has been damaged by Defendants continuing to retain the Truck despite demand for its return.

WHEREFORE, Plaintiff respectfully asks the Court to enter judgment in favor of Plaintiff and against Defendants and issue an award of actual, compensatory, consequential, and punitive, damages, pre-judgment and post-judgment interest, attorneys' fees, and costs of this suit, enter an order requiring return of the Truck and/or its repair and return, and any other just and proper relief in favor of Plaintiff and against Defendants.

## COUNT TWO – UNJUST ENRICHMENT

21. Plaintiff re-alleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

22. The Defendants have been conferred a measurable benefit (including the use of the Truck) by Plaintiff under such circumstances that their retention of the

benefit without payment would be unjust.

23. The Defendants requested the benefits they received from Plaintiff, namely, the use of the Truck as well as insurance funds to repair damage to the Truck.

24. Plaintiff expected payment for providing the Truck to the Defendants and for Defendants to care for the Truck, including avoiding damaging it or paying to repair damages.

25. Defendant has failed to care for the Truck, pay for its repair, return it to Plaintiff, and otherwise failed to pay to Plaintiff what Plaintiff is owed.

26. The Defendants have enriched themselves unjustly at Plaintiff's expense through the actions described in this Complaint.

27. It would be inequitable to Plaintiff to permit Defendants' retention of the benefit conferred by Plaintiff.

28. As a direct, proximate, foreseeable and consequential result of the Defendants' unjust enrichment, Plaintiff has suffered substantial damages.

WHEREFORE, Plaintiff respectfully asks the Court to enter judgment in favor of Plaintiff and against Defendants and issue an award of actual, compensatory, consequential, and punitive, damages, pre-judgment and post-judgment interest, attorneys' fees, and costs of this suit, and any other just and proper relief in favor of Plaintiff and against Defendants.

## COUNT THREE – NEGLIGENCE

29. Plaintiff re-alleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

30. Defendants owed a duty of care to Plaintiff, including to operate the Truck in a normal and professional manner, avoid damages, and repair damages if they occur.

31. Defendants breached their duty of care by damaging the Truck, failing to repair the Truck with insurance proceeds, wrongfully retaining the insurance proceeds, and refusing to return the Truck upon demand.

32. Plaintiff has suffered damages as direct and proximate result of Defendants' negligence.

WHEREFORE, Plaintiff respectfully asks the Court to enter judgment in favor of Plaintiff and against Defendants and issue an award of actual, compensatory, consequential, and punitive, damages, pre-judgment and post-judgment interest, attorneys' fees, and costs of this suit, and any other just and proper relief in favor of Plaintiff and against Defendants.

## COUNT FOUR – PROMISSORY ESTOPPEL

33. Plaintiff re-alleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

34. The Defendants made promises to pay Plaintiff for the Truck Plaintiff provided and entrusted to Defendants, to pay for repairs for damages, and to return the Truck if demanded.

35. Defendants expected, or should have reasonably expected, Plaintiff to rely on those promises and to take action of a definite and substantial character.

36. Plaintiff reasonably relied on those promises and provided and entrusted the Truck to Defendants and allowed Defendants to receive insurance proceeds for the Truck's repair.

37. The Defendants have failed to pay Plaintiff for the Truck, to repair it, or to return it. Defendants have also wrongfully retained insurance proceeds meant to be used for the Truck's repair.

38. As a result of Plaintiff's reliance upon Defendants' promises and Defendants breaking those promises, Plaintiff incurred damages.

39. Defendants' promises must be enforced to avoid injustice.

WHEREFORE, Plaintiff respectfully asks the Court to enter judgment in favor of Plaintiff and against Defendants and issue an award of actual, compensatory, consequential, and punitive, damages, pre-judgment and post-judgment interest, attorneys' fees, and costs of this suit, and any other just and proper relief in favor of Plaintiff and against Defendants.

## COUNT FIVE – BREACH OF CONTRACT

40. Plaintiff re-alleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

41. Plaintiff entered into a valid and enforceable contract with the Defendants whereby Plaintiff supplied and entrusted the Truck to Defendants in exchange for Defendants' promise to pay for the Truck's use and to care for it.

42. Plaintiff satisfied all requirements of the contract.

43. The Defendants breached the contract including by damaging the Truck, failing or refusing to have it repaired, failing or refusing to use the insurance proceeds to repair the Truck, and refusing to return the Truck.

44. The Defendants' actions constitute a material breach of the contract.

45. Plaintiff has been damaged by Defendants' breach of contract.

WHEREFORE, Plaintiff respectfully asks the Court to enter judgment in favor of Plaintiff and against Defendants and issue an award of actual, compensatory, and consequential damages, pre-judgment and post-judgment interest, attorneys' fees, and costs of this suit, and any other just and proper relief in favor of Plaintiff and against Defendants.

## COUNT SIX – COMMON LAW AND STATUTORY CONVERSION

46. Plaintiff re-alleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

47. Defendants' acts of retaining the Truck and the insurance proceeds and using the insurance proceeds for uses other than repairing the Truck constitute distinct acts of domain wrongfully exerted over the Truck and the insurance proceeds in denial of and/or inconsistent with Plaintiff's rights.

48. Defendants converted the Truck and/or the insurance proceeds for their own use, that is some purpose personal to their interests.

49. Defendants, individually or collectively, received, possessed, concealed, and/or aided in the concealment of the converted property, while knowing that the property was converted, in violation of MCL 600.2919a.

50. Defendant have an obligation to return the insurance proceeds that represent specific money entrusted to their care, and have obtained the money for their own personal use without the owner's consent to the creation of a debtor and creditor relationship.

51. Plaintiff is entitled to treble damages, plus costs and attorney fees under MCL 600.2919a.

WHEREFORE, Plaintiff respectfully asks the Court to enter judgment in favor of Plaintiff and against Defendants and issue an award of actual, compensatory, consequential, and punitive, damages, pre-judgment and post-judgment interest, attorneys' fees, and costs of this suit, and any other just and proper

relief in favor of Plaintiff, including as permitted by MCL 600.2919a, and against Defendants.

### COUNT SEVEN - DAMAGES FROM CIVIL CONSPIRACY AND CONCERT OF ACTION

52. Plaintiff re-alleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

53. The Defendants conspired and acted in concert to accomplish unlawful purposes, including but not limited to the actionable torts, acts, omissions, and misconduct described in this Complaint, and/or to accomplish lawful purposes by unlawful means, including but not limited to the actionable torts, acts, omissions, and misconduct described in this Complaint.

54. The Defendants had a meeting of the minds on the object or course of action, and at least one member of each conspiracy committed at least one unlawful, overt act to further the object or course of action.

55. As a direct, proximate, foreseeable and consequential result of civil conspiracy, Plaintiff has suffered and continues to suffer financial harm.

WHEREFORE, Plaintiff respectfully asks the Court to enter judgment in favor of Plaintiff and against Defendants and issue an award of actual, compensatory, consequential, and punitive, damages, pre-judgment and post-judgment interest, attorneys' fees, and costs of this suit, and any other just and proper relief in favor of Plaintiff and against Defendants.

## PRAYER FOR RELIEF

Plaintiff requests judgment in its favor and against the Defendants, and asks the Court to order and grant the requested relief in this Complaint, including:

A. An award of all available damages in favor of Plaintiff and against Defendants, jointly and severally, of actual, compensatory, consequential, and punitive, damages, pre-judgment and post-judgment interest, attorneys' fees, and costs of this suit, and any other just and proper relief.

B. An award of Plaintiff's reasonable attorney fees and costs incurred in bringing this action.

C. An order directing Defendants to return the Truck to the Plaintiff or its designated agent and/or to repair it, at Plaintiff's discretion.

D. An order directing Defendants to turn over the insurance proceeds to Plaintiff.

E. Any and all other just and proper relief.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/Joshua P. Lushnat |
|  | Joshua P. Lushnat (P75319) |
|  | OGLETREE DEAKINS NASH, SMOAK & STEWART, PLLC |
|  | *Attorneys for Plaintiff* |
|  | 34977 Woodward Avenue, Suite 300 |
|  | Birmingham, MI  48009 |
|  | 248.593.6400 |
|  | joshua.lushnat@ogletree.com |
|  |  |
|  | John A. Drake |
|  | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
|  | *Attorneys for Plaintiff* |
|  | 111 Monument Circle, Suite 4600 |
|  | Indianapolis, IN  46204 |
|  | 317-916-1300 |
| Dated: March 11, 2022 | john.drake@ogletree.com |

50638225.v1-OGLETREE